# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**STACY HANSEN,**

    Plaintiff,

v.                                                                                                                 2:23-cv-168-JES-NPM
                                                                                                                                                       IN ADMIRALTY

**JOSEPH MONTELEONE,**

    Defendant.

---

## ORDER STAYING LIMITATION ACTION

Plaintiff Stacy Hansen, as executrix of the estate of Michael J. Monteleone, brought this limitation-of-liability action after claimant Joseph Monteleone suffered personal injuries while a passenger aboard plaintiff's vessel.[1] (*See generally* Doc. 10). Monteleone alleges that plaintiff jumped the vessel over a wake at an excessive speed, which caused him to fall out of his seat onto the deck, resulting in injuries. (Doc. 18 ¶ 3). Monteleone now moves, without objection, to have the automatic stay lifted so the parties can litigate the personal-injury action in state court and, in the meantime, stay this limitation action.[2] (Doc. 44). Because the "single claimant

---

[1] Given both the deceased vessel owner/operator and the claimant share the same last name, the court will refer to Michael Monteleone as "plaintiff" for ease of reference.

[2] In Monteleone's motion, he asks that the court modify its injunction restraining other proceedings against plaintiff and the vessel arising from the subject voyage. (Doc. 44 at 5). He misconstrues the court's order and the relevant statute. As the order explained, the court did not enter an injunction. Rather, all proceedings against plaintiff were automatically stayed pursuant to

exception" applies, and Monteleone has filed the proper stipulations, the motion is **granted**.

"Article III, § 2 of the United States Constitution vests federal courts with jurisdiction over all cases of admiralty and maritime jurisdiction." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443 (2001); *see also* 28 U.S.C. § 1333 (granting exclusive original jurisdiction to federal courts over admiralty and maritime cases). When a maritime incident occurs, the Limitation of Liability Act allows a vessel owner to limit its liability exposure to the vessel's value if the incident occurred "without the privity or knowledge of the owner." 46 U.S.C. § 30505. Under this Act, federal courts have "exclusive admiralty jurisdiction to determine whether the vessel owner is entitled to limited liability." *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1257 (11th Cir. 2014) (citing *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996)).

This exclusive admiralty jurisdiction must be reconciled with the "saving to suitors" clause, which preserves to claimants "all other remedies to which they are otherwise entitled." *Beiswenger*, 86 F.3d at 1037 (citing 28 U.S.C. § 1333(1)). This clause "embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice." *Id.* Thus, the district court's exclusive

---

46 U.S.C. § 30511(c). (Doc. 13 at 2). With no court-ordered injunction in place, the court construes his motion as one for relief from the automatic stay.

jurisdiction over admiralty matters is at odds with the saving-to-suitors clause's deference to the claimant's choice of forum. *See Lewis*, 531 U.S. at 448 ("Some tension exists between the saving to suitors clause and the Limitation Act. One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court.").

To give effect to both the Limitation Act and the saving-to-suitors clause, the Supreme Court crafted an exception to the district court's exclusive jurisdiction when a vessel owner faces only one claimant. *Lynch*, 741 F.3d at 1258 (citing *Lewis*, 531 U.S. at 451; *Langnes v. Green*, 282 U.S. 531, 542 (1931)). In a single-claimant proceeding, "the district court may, at its discretion, order a stay of the limitation action to allow the claim to be tried in another forum." *Lynch*, 742 F.3d at 1258 (citing *Lewis*, 531 U.S. at 448-51). But before a court may issue the stay, the claimant must first make certain stipulations which "effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund." *Lynch*, 741 F.3d at 1258 (citing *Beiswenger*, 86 F.3d at 1038). Commonly accepted stipulations include: (1) the district court has full and exclusive jurisdiction to determine any limitation of liability; (2) the claimant waives any claim- or issue-preclusion that may arise from the state-court proceedings concerning questions presented in the liability-limitation action; and (3) even if he recovers an award in state court that exceeds the vessel's value, the claimant will not seek to enforce such

3

a judgment until the limitation action concludes. *Beiswenger*, 86 F.3d at 1037; *In re Williams Marine Const. & Servs., Inc.*, No. 3:03-cv-293J-16HTS, 2004 WL 3008900, *5 (M.D. Fla. June 29, 2004). Put simply, the claimant must acknowledge that even if another court finds the vessel owner liable for the accident, the parties will return to the admiralty court to determine any limitation.

Here, Monteleone is the sole individual with an asserted claim against plaintiff's vessel. And his motion includes several stipulations that comport with *Beiswenger* and ensure plaintiff will not be exposed to competing judgments. (Doc. 44 at 2-4). There is no reason to deprive Monteleone his choice of forum, which the "saving to suitors" clause guarantees and to which plaintiff does not object.

Accordingly, Monteleone's motion to stay the limitation-of-liability action and lift the automatic stay (Doc. 44) is **GRANTED**.[3] As the liability action proceeds in state court, the parties shall provide this court with a status report by January 1, 2025, and quarterly (every third month) thereafter. Notwithstanding the foregoing paragraph, the parties shall immediately inform this court of any settlement or resolution of the state-court action.

**ORDERED** on April 16, 2024.

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[3] Doc. 43, which is a duplicate version of Monteleone's motion containing a filing error, is denied as moot.